ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2026-May-01 12:24:49
60CV-26-4332
C06D11 : 12 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
ELEVENTH DIVISION

CHRISTIE CHAPPEL, Individually and as Surviving Spouse of WAYLON DUVAL CHAPPEL, Deceased; BRANDI CHAPPEL (DAVY'ANCE); and BRADASHA CHAPPEL — PLAINTIFFS

v. CASE NO. 60CV-26-4332

ABBOTT LABORATORIES; ST. JUDE MEDICAL, INC.; THORATEC CORPORATION; THORATEC, LLC; BAPTIST HEALTH d/b/a BAPTIST MEDICAL CENTER-LITTLE ROCK; BAPTIST HEALTH HEART INSTITUTE; JOHN RANSOM, M.D. — DEFENDANTS

## ANSWER

Defendant John Ransom, M.D., for his answer to the complaint of plaintiffs Christie Chappel, Brandi Chappel (Davy'Ance), and Bradasha Chappel:

1. Admits that plaintiffs are seeking monetary relief as alleged in paragraph 1 of their complaint but denies that plaintiffs are entitled to the relief sought. Further denies any allegations of negligence, liability, or fault.

2. States that he is without information sufficient to form a belief as to the truth of the allegations in paragraphs 2, 3, 4, and 5 of plaintiffs' complaint and, therefore, denies them.

3. States that the allegations in paragraphs 6, 7, 8, 9, 10, 11, and 12 of plaintiffs' complaint pertain to one or more separate defendants and that no response

is required of him. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

4. Admits that he is a physician licensed to practice medicine in the State of Arkansas, and that he may be personally served at his workplace, residence, or wherever he may be found. States that he is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of plaintiffs' complaint and, therefore, denies them.

5. States that the allegations in paragraphs 14 and 15 of plaintiffs' complaint do not require a response. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

6. Admits that this Court subject matter jurisdiction over plaintiffs' complaint as alleged in paragraph 16. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

7. States that the allegations in paragraphs 17 and 18 of plaintiffs' complaint pertain to one or more separate defendants and that no response is required of him. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

8. Admits that venue is proper in Pulaski County, Arkansas. States that he is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of plaintiffs' complaint and, therefore, deny them. To the extent the allegations are construed to allege negligence, liability, or fault, they are denied.

9. States that the medical records of Waylon Chappel, the clinical trial documents, including Exhibit A to plaintiffs' complaint, and FDA approvals speak for themselves, and to the extent the allegations in paragraphs 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, and 33 of plaintiffs' complaint misstate those records or the facts as they actually occurred, they are denied. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

10. States that the allegations in paragraphs 34 and 35 of plaintiffs' complaint, including all subparagraphs, pertain to one or more separate defendants and that no response is required of him. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

11. States that the medical records of Waylon Chappel speak for themselves, and to the extent the allegations in paragraphs 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, and 51 of plaintiffs' complaint misstate those records or the facts as they actually occurred, they are denied. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

12. States that the allegations in paragraphs 52, 53, 54, 55, 56, 57, and 58 of plaintiffs' complaint, including all subparagraphs, pertain to one or more separate defendants and that no response is required of him. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

13. States that he is without information sufficient to form a belief as to the truth of the allegations in paragraph 59 of plaintiffs' complaint and, therefore, denies

them. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

14. States that the allegations in paragraph 60 of plaintiffs' complaint call for a legal conclusion and that no response is required of him. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

15. Denies the allegations in paragraph 61 of plaintiffs' complaint.

16. States that he is without information sufficient to form a belief as to the truth of the allegations in paragraphs 62, 63, 64, and 65 of plaintiffs' complaint and, therefore, denies them. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

17. States that the allegations in paragraph 66 of plaintiffs' complaint pertain to one or more separate defendants and that no response is required of him. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

18. States that the allegations in paragraph 67 of plaintiffs' complaint call for a legal conclusion and that no response is required of him. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

19. Denies that the statute of limitations for plaintiffs' claims was tolled under the discovery rule, fraudulent concealment, or estoppel as alleged in paragraphs 68, 69, 70, 71, 72, 73, 74, 75, 76, and 77 of plaintiffs' complaint.

20. States that the allegations in paragraphs 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106,

107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, and 158 of plaintiffs' complaint pertain to one or more separate defendants and that no response is required of him. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

21. States that the allegations in paragraph 159 of plaintiffs' complaint call for a legal conclusion and that no response is required of him. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

22. Admits that he was a physician involved in the care and treatment of Waylon Chappel. Denies the remaining allegations in paragraph 160 of plaintiffs' complaint.

23. States that the allegations in paragraphs 161 and 162 of plaintiffs' complaint call for a legal conclusion and that no response is required of him. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

24. States that the allegations in paragraph 163 of plaintiffs' complaint pertain to one or more separate defendants and that no response is required of him. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

25. States that the allegations in paragraphs 164 and 165 of plaintiffs' complaint call for a legal conclusion and that no response is required of him. To the

extent these allegations are construed to allege negligence, liability, or fault, they are denied.

26. Denies the allegations in paragraphs 166, 167, 168, 169, and 170 of plaintiffs' complaint, including all subparagraphs.

27. States that he is without information sufficient to form a belief as to the truth of the allegations in paragraph 171 of plaintiffs' complaint and, therefore, denies them. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

28. Denies the allegations in paragraphs 172 and 173 of plaintiffs' complaint.

29. States that he is without information sufficient to form a belief as to the truth of the allegations in paragraph 174 of plaintiffs' complaint and, therefore, denies them. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

30. Denies the allegations in paragraphs 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, and 186 of plaintiffs' complaint.

31. States that he is without information sufficient to form a belief as to the truth of the allegations in paragraphs 187 and 188 of plaintiffs' complaint and, therefore, denies them. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

32. Denies the allegations in paragraph 189 of plaintiffs' complaint.

33. States that the allegations in paragraph 190 of plaintiffs' complaint, including all subparagraphs, call for a legal conclusion and that no response is required of him. To the extent these allegations are construed to allege negligence, liability, or fault, they are denied.

34. Denies the allegations in paragraphs 191, 192, 193, 194, and 195 of plaintiffs' complaint, including all subparagraphs.

35. Joins plaintiffs' jury demand as alleged in paragraph 196 and specifically demands a jury of 12 persons.

36. Denies the allegations in paragraph 197 of plaintiffs' complaint.

37. Denies that plaintiffs are entitled to any of the relief prayed for in paragraph 198 of plaintiffs' complaint, including all subparagraphs.

38. Denies each and every material allegation not specifically admitted in this answer.

39. Denies all allegations of negligence, liability, fault, proximate causation, and damages under all theories of recovery set forth in plaintiffs' complaint.

40. Denies that he has any liability or responsibility to plaintiffs in this action under any theory of liability alleged in plaintiffs' complaint or under any theory of liability that may be asserted in any amended pleading filed by plaintiffs.

41. Pleading affirmatively, states that any damages suffered by plaintiffs was proximately caused by the negligence and fault of others over whom he had no control and to whom he owed no duty.

42. Pleading affirmatively, states that there was an independent, intervening proximate cause that was the sole and proximate cause of all injuries and damages alleged in plaintiffs' complaint.

43. Pleading affirmatively, states that plaintiffs lack standing to bring this lawsuit and moves to dismiss.

44. Pleading affirmatively, states that plaintiffs' medical negligence claims predating April 7, 2024 are barred by the two-year statute of limitations and moves to dismiss under Ark. R. Civ. P. 12(b)(6).

45. Pleading affirmatively, states that plaintiffs have failed to plead facts showing entitlement to relief and moves to dismiss under Ark. R. Civ. P. 12(b)(2) and (6).

46. Pleading affirmatively, asserts all defenses available to him under Ark. R. Civ. P. 8(c), including comparative fault, assumption of risk, statute of limitations, and any other matter constituting an avoidance or affirmative defense.

47. Pleading affirmatively, asserts a right to contribution, allocation of fault, credit, indemnity, setoff, and any other reduction of damages related to any party or nonparty who may be released by plaintiffs or who may be found to bear fault, or other rights that may be available to her under Arkansas law and the Arkansas Rules of Civil Procedure.

48. Pleading affirmatively, asserts that should there be a finding of fault, this case should proceed in conformance with the Arkansas Uniform Contribution

Among Joint Tortfeasor's Act, the Arkansas Civil Justice Reform Act of 2003, and any other applicable Arkansas law.

49. Adopts all defenses available to him under the Arkansas Civil Justice Reform Act of 2003 as amended, Ark. Code Ann. §§ 16-55-201, *et seq.*, including bifurcation of any evidence concerning plaintiffs' punitive damages claim.

50. Adopts all defenses available to him under the Arkansas Medical Malpractice Act, Ark. Code Ann. §§ 16-114-201, *et seq.*, including periodic payment of future damages.

51. Adopts all defenses available to him under the Arkansas Product Liability Act, Ark. Code Ann. §§ 16-116-101 and 16-116-201, *et seq.*

52. Adopts all defenses asserted by codefendants to the extent those defenses inure to his benefit.

53. States that for each of the following reasons, plaintiffs' punitive damage claim is subject to dismissal:

a. Arkansas law has not established a definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring plaintiffs to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates defendant's due process rights under the United States Constitution, Amendment XIV.

b. Because it is not subject to a predetermined limit, such as a maximum multiple compensatory damages or a maximum amount, an

award of punitive damages violates defendant's due process rights under the United States Constitution, Amendment XIV, and corresponding applicable due process provisions of the Arkansas Constitution.

c. An award of punitive damages violates defendant's due process and equal protection rights guaranteed by the United States Constitution, Amendment XIV, and the double jeopardy clause of the United States Constitution, Amendment V, as incorporated into Amendment XIV, in that a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, in the whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character and degree of the alleged wrong.

d. An award of punitive damages under Arkansas law for the purposes of compensating plaintiffs for elements of damage not otherwise recognized by Arkansas law violates defendant's due process rights guaranteed by the United States Constitution, Amendment XIV and by the corresponding applicable provisions of the Arkansas Constitution.

e. An award of punitive damages under state law without the same protections that are accorded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel violates defendant's rights under the United States Constitution, Amendment XIV and Amendments IV, V and VI, as incorporated into Amendment XIV, and under the corresponding applicable provisions of the Arkansas Constitution.

54. Reserves the right to file an amended answer and otherwise plead pending completion of discovery.

WHEREFORE, defendant John Ransom, M.D., prays that plaintiffs' complaint be dismissed with prejudice and for all other relief to which he is entitled.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: djung@wlj.com; jjones@wlj.com

By Jordan Jones
David C. Jung (2013141)
Jordan T. Jones (2023248)
*Attorneys for John Ransom, M.D.*

## CERTIFICATE OF SERVICE

I certify that on May 1, 2026, I electronically filed this document with the Clerk of the Court using the Arkansas Judiciary Electronic Filing System, which will send notification of the filing to all counsel of record:

J. Ryan Fowler
Derek H. Potts
Potts Law Firm, LLP
3737 Buffalo Speedway, Suite 1900
Houston, TX 77098
rfowler@potts-law.com
dpotts@potts-law.com

Jordan Jones
Jordan T. Jones